UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-03-70-1 |
| | § | (CIVIL ACTION NO. C-07-342) |
| NOE NICOLAS GARZA | § | |

**ORDER DENYING MOVANT'S MOTION FOR RELIEF FROM JUDGMENT
(FED. R. CIV. P. 60(b); DISMISSING AS SUCCESSIVE SECTION 2255 MOTION**

Noe Garza filed his Motion for Relief from Judgment pursuant to Rule 60(b), a Memorandum in Support, and an Amendment to Habeas Corpus Petition (D.E. 98, 99, 100), on November 10, 2010, approximately seven years after his sentencing and after two appeals to the Fifth Circuit. Garza also reurges his request that his sentencing transcript be unsealed, a motion this Court denied in April 2010, after noting that the sentencing transcript was unsealed for purposes of his previous appeal and mailed to Garza. (D.E. 97, 70). As discussed below, Garza's Rule 60(b) motion is treated as a successive habeas petition and DISMISSED for lack of jurisdiction; his motion for a copy of his sentencing transcript is DENIED.

## I. BACKGROUND

Noe Garza was arrested in February 2003, while driving a tractor trailer rig at the Falfurrias checkpoint. Cocaine was found in the cab of the truck. Garza was indicted, along with co-defendant Roberto Adan Jimenez, in a two-count indictment for conspiracy to possess with intent to deliver and possession with intent to deliver 11 kilograms of cocaine, constituting violations of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (D.E. 1). Garza entered into a guilty plea to count 1 in April 2003. (D.E. 8, 9). He was re-arraigned, a presentence investigation was ordered, and sentencing was scheduled. Garza's counsel filed objections to the PSR which was then amended to remove the application of career criminal enhancement. The case was again

called for sentencing in July 2003. Appointed counsel from the Federal Public Defender's office moved to withdraw on the grounds of a conflict of interest which motion was granted. New counsel was appointed for Garza and sentencing was postponed several more times at Garza's request.

Sentencing was finally held on October 9, 2003, at which time the Court held a full evidentiary hearing on the issue of downward departure for substantial assistance, obstruction of justice, and acceptance of responsibility. At the conclusion of the hearing and after finding that Garza had obstructed justice and was not entitled to acceptance of responsibility credit, the Court imposed a high-end Guideline sentence of 293 months imprisonment and 5 years supervised release. Count 2 of the indictment was dismissed.

Garza timely appealed to the Fifth Circuit claiming first that his sentence was enhanced by facts found by the judge in violation of his Sixth Amendment rights as announced in United States v. Booker, 543 U.S. 220 (2005), and that he should have received credit for acceptance of the responsibility and that the trial court's denial of the reduction constituted a breach of the plea agreement and rendered his plea involuntary. (D.E. 59). The Fifth Circuit held that his Booker argument, was not preserved in the trial court and reviewed for only plain error, did not affect his substantial rights because the record did not reflect that his sentence would have been less had the sentencing court considered the Guidelines to be advisory. The Fifth Circuit also rejected his claims that the trial court erroneously failed to allow a reduction in the calculation of the Guideline sentence for acceptance of responsibility by describing the issue as "wholly without merit, if not frivolous." Id.

Garza then filed his section 2255 motion in August 2007, complaining of ineffective assistance of counsel at trial and on appeal.[1] (D.E. 64, 65). The United States responded and moved to dismiss the 2255 motion. (D.E. 72, 73). Garza next filed a motion to amend his pleadings, which this Court allowed. (D.E.76, 76). The government was ordered to file a supplemental response. Garza also replied to the Government's motion to dismiss, arguing that his appellate counsel should have raised his argument as to the sentencing points added for obstruction and leader/organizer on appeal, and his failure to do so resulted in ineffective assistance on direct appeal. (D.E. 77 at 10). The government filed a supplemental response and Garza filed another reply. (D.E. 78, 79, 80). This Court denied Garza relief in February 2008, on his claims and denied him a certificate of appealability. (D.E. 81).

Garza appealed the denial of this 2255 motion to the Fifth Circuit which allowed him a certificate of appealability only on his Booker claims. (D.E. 94). The Fifth Circuit affirmed the denial of section 2255 relief, holding that trial counsel was not ineffective. Id.[2]

---

[1] In his original 2255 motion, Garza set forth his claims as follows: 1. "Trial Counsel ineffectiveness as to his Representation during my Sentencing and objection to PSR. Counsel failed to establish during the course of my objection that I should not have been given two points for leadership role nor was obstruction justice points warranted, because I simply objected to the extra points and counsel failed to pursue my challenges to the PSR.;" 2. "Counsel denied me a fair appeal when counsel allowed my grounds raised to be address under the Plain Error Doctrine. During my appeal, Counsel Hector Del Toro filed and Anders brief stating my appeal had no meritous issues, but when Booker came into play, Counsel retracted his opinion and filed an appeal improperly denying me of a de novo review;" 3. "Counsel argued my appeal erroneously by applying the advisory regime, which was not my argument. My argument was that under Apprendi, facts that increase my prescribed statutory maximum must be charged in the indictment or admitted by myself. Booker came along and just re-affirmed those principles established in Apprendi. I was deprived of the opportunity to file correctly in the Fifth Circuit;" and 4. "Counsel Mr. Jenkins and Toro failed to place me on notice that my personal possession was seized and not forfeited. Counsel deprived me of the opportunity to request or submit some form to the Court to request my personal property that was seized during my arrest. My indictment did not alleged any forfeiture, therefore I was violated according to the law as to not being informed of my personal property." (D.E. 64 at 5-9).

[2] "Our recent opinion in *United States v. Fields*, is dispositive. As in *Fields*, the district court sentenced Garza prior to the Supreme Court's ruling in *Booker*. Before *Booker,* our precedent foreclosed application of the Sixth Amendment rule of *Apprendi* to factual determinations under the Sentencing Guidelines. As

### III.  MOVANT'S CLAIMS

Pending before the Court is Garza's Rule 60(b) motion, in which he claims that the judgment in his original 2255 was not final and appealable because this Court read his original 2255 motion and briefing too narrowly, and he asks this Court to adjudicate additional claims of ineffective assistance on the grounds that they were fairly raised, but not decided in his original 2255.  (D.E. 98, 99, 100). He claims that his motion is not successive, but procedural and designed to correct an error by this Court in the original processing of his 2255 claims.

### IV.  ANALYSIS

**A.  Rule 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure applies to federal habeas petitions "only to the extent that it is not inconsistent with applicable federal statues and rules," according to Rule 12  of the Rules Governing Section 2255 Proceedings for the United States District Courts (2009). Rule 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

---

*Fields* reminds, the law in this circuit makes clear that counsel was not required to make meritless objections under then-existing precedent, anticipate changes in the law, or raise every potentially meritorious claim. Thus, as we held in *Fields*, Garza's counsel did not render constitutionally ineffective counsel by failing to anticipate *Booker's* application of *Apprendi* to the Sentencing Guidelines and the resulting 'sea change' in sentencing." Id. at 2.

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Subsection (c) limits the time within which a Rule 60(b) motion may be brought, "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Garza does not claim that Rule 60(b)(1), (2), of (3) apply, but rather that his claims were simply not adjudicated in the first instance and fit within the relief offered by subsection (b)(6). There are only narrow circumstances in which a federal district court may entertain a Rule 60(b) claim in a habeas proceeding. In Gonzalez v. Crosby, 545 U.S. 524, 531-32, 125 S.Ct. 2641 (2005), the Court described a true 60(b) motion as one that either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. Id. & n.4. Here, although Garza now claims that this Court's order denying his Rule 2255 motion was not final because it did not dispose of all of his claims, Garza appealed it as if it were a final judgment and in his multiple briefs did not mention the grounds 1-7 that he now raises.[3] Notably, Garza did not complain of any omission by this Court in

---

[3] Garza filed five documents in support of his section 2255 motion. In none of them did he raise the issues he now asserts that this Court and the government should have known were part of his original claims: "1. Counsel's advice to plead guilty was ineffective and constituted material misadvice; in that counsel's advice was grossly wrong; 2. Counsel conducted no pretrial investigation before he recommended to Garza that he plead guilty, constituting deficient and prejudicial performance; 3. In violation of Amendment VI, counsel lacked an adequate understanding of the then mandatory U.S. Sentencing Guidelines, knowledge that a reasonably competent attorney would possess." (D.E. 100 at 5). Additionally, Garza claims: "4. Counsel was ineffective for failing to consult with petitioner about his

adjudicating the issues after the Court's Judgment, nor did he make these claims when he appealed. Garza expands the multiple grounds of ineffectiveness of counsel raised in his original 2255 to include seven more issues on which he seeks relief. On this record, the Court construes Garza's Rule 60(b) motion as a successive 2255.

**B.     Successive 2255**

When a Rule 60(b) asks for relief on the merits, it must be construed as a successive application for section 2255 relief. Garza's motion requests a merits determination, and is therefore required, to be construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. <u>Williams v. Thaler</u>, 602 F.3d 291, 305 (5th Cir. 2010). Because Garza has already filed a section 2255 motion, this second motion, so construed, would be second or successive. As a "second or successive" section 2255 motion, there are procedural steps that Garza was required to take prior to bringing his motion. His failure to take those steps precludes this Court's consideration of his motion. Specifically, Section 2255 states that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

---

sentencing hearing; and failed to prepare Garza to testify at that hearing; 5. Counsel was ineffective for failing to adequately prepare for sentencing; because former counsel was recused for cause, due to a Constitutional conflict of interest, Garz's [sic] Plea is invalid, as he was represented by conflicted counsel at the time of change of plea; 7. Counsel was ineffective for failing to consult with Garza about the PSR." <u>Id</u>. at 6.

Garza was required to seek, and acquire, the approval of the Fifth Circuit before filing a second section 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). This Court does not have jurisdiction over Garza's successive section 2255 motion until Garza obtains permission from the Fifth Circuit to file it. Because he has not done so, the Court DISMISSES his motion. (D.E. 100).

SIGNED and ORDERED this 30th day of November, 2010.

_____
Janis Graham Jack
United States District Judge