UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. C-03-70-1 |
| § | (CIVIL ACTION NO. C-07-342) |
| NOE NICOLAS GARZA § | |

**ORDER DENYING MOVANT'S MOTION TO ALTER OR AMEND JUDGMENT**
**(FED. R. CIV. P. 52(B), 59(E))**

Pending before the Court is Noe Nicholas Garza's Motion to Alter or Amend Judgment (Fed. R. Civ. P. 52(b); 59(e)) (D.E. 102), which was received by the Clerk's office on December 20, 2010. Garza's latest motion complains of this Court's Order of November 30, 2010 (D.E. 101), in which this Court dismissed his Motion for Relief from judgment (D.E. 98) holding that it did not constitute a proper Rule 60 motion, but was instead a second or successive § 2255 motion over which this Court did not have jurisdiction.

After considering Garza's Motion, the Court DENIES relief.

**I.   BACKGROUND**

Garza was arrested in February 2003 while driving a tractor trailer rig at the Falfurrias checkpoint. Cocaine was found in the cab of the truck. Garza was indicted on conspiracy and possession charges, both with intent to deliver 11 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). D.E. 1. Garza pleaded guilty to count 1 pursuant to a plea agreement. D.E. 8, 9. Garza was sentenced in October 2003 to 293 months imprisonment and 5 years supervised release. Garza appealed; the Fifth Circuit affirmed. D.E. 59.

Garza filed his § 2255 motion in August 2007 complaining of ineffective assistance of counsel at trial and on appeal.[1] D.E. 64, 65. After several rounds of briefing, this Court denied Garza relief in February 2008, and denied him a certificate of appealability. D.E. 81. Garza appealed the denial of his 2255 motion to the Fifth Circuit which allowed him a certificate of appealability only on his Booker claims. D.E. 94. In the Spring of 2009, the Fifth Circuit affirmed the denial of section 2255 relief, holding that trial counsel was not ineffective. Id.[2]

More than a year after the Fifth Circuit affirmed denial of relief on his § 2255 motion, Garza filed a Rule 60(b) motion along with supporting Memorandum (D.E. 98, 99, and 100), in which he claimed that the judgment in his first § 2255 was not final and appealable because this Court did not dispose of all of the claims fairly raised in the 2255 motion. After reviewing his motion and supporting memorandum, this Court found that the claims raised in his Rule 60(b)

---

[1] In his original 2255 motion, Garza set forth his claims as follows: 1. "Trial Counsel ineffectiveness as to his Representation during my Sentencing and objection to PSR. Counsel failed to establish during the course of my objection that I should not have been given two points for leadership role nor was obstruction justice points warranted, because I simply objected to the extra points and counsel failed to pursue my challenges to the PSR.;" 2. "Counsel denied me a fair appeal when counsel allowed my grounds raised to be address under the Plain Error Doctrine. During my appeal, Counsel Hector Del Toro filed and Anders brief stating my appeal had no meritous [sic] issues, but when Booker came into play, Counsel retracted his opinion and filed an appeal improperly denying me of a de novo review;" 3. "Counsel argued my appeal erroneously by applying the advisory regime, which was not my argument. My argument was that under Apprendi, facts that increase my prescribed statutory maximum must be charged in the indictment or admitted by myself. Booker came along and just re-affirmed those principles established in Apprendi. I was deprived of the opportunity to file correctly in the Fifth Circuit;" and 4. "Counsel Mr. Jenkins and Toro failed to place me on notice that my personal possession was seized and not forfeited. Counsel deprived me of the opportunity to request or submit some form to the Court to request my personal property that was seized during my arrest. My indictment did not alleged any forfeiture, therefore I was violated according to the law as to not being informed of my personal property." D.E. 64 at 5-9.

[2] "[T]he law in this circuit makes clear that counsel was not required to make meritless objections under then-existing precedent, anticipate changes in the law, or raise every potentially meritorious claim. Thus, as we held in *Fields*, Garza's counsel did not render constitutionally ineffective counsel by failing to anticipate *Booker's* application of *Apprendi* to the Sentencing Guidelines and the resulting 'sea change' in sentencing." Id. at 2.

motion were not previously raised in his original 2255 motion, and dismissed the filing as a second or successive writ. D.E. 101.

### III. MOVANT'S CLAIMS

In the current motion, Garza claims that this Court did not make a finding that the claims he sought to raise in his Rule 60(b) motion were not made or were lacking in merit, thus entitling him to relief on the grounds that the claims were never adjudicated.

### IV. ANALYSIS

**A.     Rule 52(b)**

The Federal Rules of Civil Procedure apply to federal habeas petitions "only to the extent that [they are] not inconsistent with applicable federal statues and rules," according to Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts (2009). Rule 52(b) allows a trial court to amend or make additional findings after relief is sought by a party whose motion is "filed no later than 28 days after the entry of judgment. . ." Garza's motion was filed within the time limits specified in Rule 52(b), but that rule does not form the basis for relief as Rule 52 applies to "an action tried on the facts without a jury or with an advisory jury . . . ." Fed. R. Civ. P. 52(a)(1).

**B.     Rule 59(e)**

Rule 59(e) allows a district court to alter or amend its judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Garza's motion for this Court to do so is timely, but fails because the Court has already considered the grounds raised in Garza's previous Rule 60(b) motion,[3] found that they were *not* fairly raised in his § 2255 motion, that the prior Order was a

---

[3]   Garza filed five documents in support of his original section 2255 motion. In none of them did he raise the issues he asserted that this Court and the government should have known were part of his original claims: "1. Counsel's advice to plead guilty was ineffective and constituted material misadvice; in that counsel's advice was grossly wrong; 2. Counsel conducted no pretrial investigation before he

final order, and thus dismissed the Rule 60(b) motion because the Court did not have jurisdiction to consider the new claims. Williams v. Thaler, 602 F.3d 291, 305 (5th Cir. 2010).

## V.  CONCLUSION

For all of the reasons set out in this Court's previous Orders (D.E. 81, 101), Garza's motion (D.E. 102) is DENIED.

SIGNED and ORDERED this 29th day of December, 2010.

_____
Janis Graham Jack
United States District Judge

---

recommended to Garza that he plead guilty, constituting deficient and prejudicial performance; 3. In violation of Amendment VI, counsel lacked an adequate understanding of the then mandatory U.S. Sentencing Guidelines, knowledge that a reasonably competent attorney would possess." (D.E. 100 at 5). Additionally, Garza claims: "4. Counsel was ineffective for failing to consult with petitioner about his sentencing hearing; and failed to prepare Garza to testify at that hearing; 5. Counsel was ineffective for failing to adequately prepare for sentencing; because former counsel was recused for cause, due to a Constitutional conflict of interest, Garz's [sic] Plea is invalid, as he was represented by conflicted counsel at the time of change of plea; 7. Counsel was ineffective for failing to consult with Garza about the PSR." Id. at 6.