UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:03-CR-70-1 |
| | § | (CIVIL ACTION NO. 2:14-CV-154) |
| NOE NICOLAS GARZA | § | |

## ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, DENYING A CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Noe Nicholas Garza's motion to vacate, set aside or correct pursuant to 28 U.S.C. § 2255. D.E. 121. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (2014). For the reasons stated herein, the Court dismisses Garza's motion and denies him a certificate of appealability.

## I.  PROCEDURAL BACKGROUND

Garza was convicted of conspiracy with intent to distribute 11 kilograms of cocaine after his guilty plea pursuant to a plea agreement and was sentenced in October 2003 to 293 months imprisonment and 5 years supervised release. The Fifth Circuit affirmed his sentence. D.E. 59.

Garza filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in August 2007. He appealed this Court's denial of his motion and the Fifth Circuit granted him a certificate of appealability on his Booker related claims. D.E. 94. Ultimately, the Fifth Circuit affirmed the denial of his § 2255 motion.

Over a year later, Garza filed a Rule 60(b) motion that this Court determined to be second or successive motion. Garza appealed, but the Fifth Circuit denied him a certificate of appealability. D.E. 120.

## II.  MOVANT'S CLAIMS

Garza claims that his sentencing enhancements were improper in light of Alleyne v. United States, 133 S.Ct. 2151 (2013). He also asserts that his present motion is timely pursuant to 28 U.S.C. § 2255(f)(3).

## III.  SECOND OR SUCCESSIVE § 2255 MOTION

Garza filed a previous motion to vacate, set aside or correct his sentence in 2007 in which he raised other claims, including claims related to counsel's failure to urge Booker and Apprendi on appeal. That motion was denied and the Fifth Circuit granted him a COA, but ultimately held that counsel was not ineffective for failing to anticipate changes in the law. D.E. 94. Although Alleyne had not yet been decided at the time of Garza's previous § 2255, his current motion is a second or successive motion. Before filing a second or successive motion, Garza was required to obtain permission to do so from the Fifth Circuit Court of Appeals. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Garza's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, Garza's motion to vacate, set aside or correct sentence (D.E. 121) is DISMISSED as second or successive. United States v. Orozco-Ramirez, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Garza has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

The Court finds that Garza cannot establish at least one of the <u>Slack</u> criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Garza's motion (D.E. 121) is DISMISSED as second or successive, additionally, he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 7th day of May, 2014.

Janis Graham Jack
Senior United States District Judge