UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | §  CRIMINAL ACTION NO. 2:03-CR-00070-1 |
| | § |
| NOE NICOLAS GARZA | § |

## ORDER

Pending before the Court is Defendant Noe Nicolas Garza's (Garza) Motion for Compassionate Release to Home Confinement pursuant to the CARES Act. (D.E. 137). The Court DENIES Garza's motion for lack of jurisdiction.

### I.  BACKGROUND

On April 8, 2003, Garza pleaded guilty to conspiracy to possess with intent to distribute approximately 11 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (D.E. 46). On October 9, 2003, Garza was sentenced to 293 months imprisonment and five years supervised release. *Id.* Judgment was entered on the docket on October 20, 2003. *Id.* The Fifth Circuit affirmed his sentence. (D.E. 59).

On June 1, 2020, Garza's motion requesting compassionate release to home confinement pursuant to the CARES Act was filed before the Court. (D.E. 137). He is presently incarcerated in FCI Lompoc in Lompoc, California. *Id.*

### II.  LEGAL STANDARD

The Bureau of Prisons (BOP) has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B). Before the CARES Act, the BOP was authorized to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). On March 27, 2020, the CARES Act was signed into law. Under the CARES Act, the BOP Director is authorized to lengthen the amount of time a prisoner may be placed in home confinement. CARES Act § 12003(b)(1)(B)(2). Nothing in

the Act, however, grants individual prisoners the right to serve the remainder of their sentence in home confinement.  *See Id.*  The BOP still has exclusive authority to determine where a prisoner is housed.  *See, e.g.*, *United States v. Licciardello*, No. CR 2:18-449, 2020 WL 1942787, at *2 (S.D. Tex. Apr. 22, 2020); *United States v. Soliz*, No. CR 2:16-190-3, 2020 WL 2500127, at *4 (S.D. Tex. May 14, 2020).  The proper vehicle to challenge the BOP's administrative decisions on where an inmate is placed is a petition pursuant to 28 U.S.C. § 2241, which must be filed in the same district where the prisoner is incarcerated.  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

### III.   DISCUSSION

Because Garza motions to be released to home confinement, his initial remedy is by administrative action within the BOP.  *See Siebert v. Chandler*, 586 F. App'x 188, 189 (5th Cir. 2014) ("Moreover, a prisoner has no liberty interest or right to be housed in any particular facility, and the BOP has wide discretion in designating the place of a prisoner's imprisonment.").  Garza may also file a motion pursuant to § 2241 in the Central District of California to challenge the BOP's administrative decisions, assuming that he remains incarcerated in Lompoc, California.

To the extent Garza seeks a sentence reduction, he should file a motion pursuant to 18 U.S.C. § 3582(c) in this Court.  18 U.S.C. § 3582(c).

### IV.   CONCLUSION

For the foregoing reasons above, the Court DENIES Garza's motion for compassionate release to home confinement pursuant to the CARES Act.

SIGNED and ORDERED this 15th day of June, 2020.

_____
Janis Graham Jack
Senior United States District Judge